**BP**

2016 DEC 15 P 1:51

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLENE JACOBI, INDIVIDUALLY AND AS SUCCESSION REPRESENTATIVE OF CHARLES A. JACOBI * | NO. 16-17466 |
| | SECTION |
| VS.   * | MAGISTRATE NO: **SECT. J MAG. 2** |
| TRANSOCEAN, LTD AND   * BP, PLC | |
| FIELD: _____ | DY. CLERK: _____ |

## COMPLAINT FOR DAMAGES

The complaint of DARLENE JACOBI, INDIVIDUALLY AND AS SUCCESSION REPRESENTATIVE OF CHARLES A. JACOBI, a person of the full age of majority and domiciled in the State of Louisiana, respectfully represents that:

I.

Made defendants are:

A. TRANSOCEAN, LTD, hereinafter referred to as "Transocean," a foreign corporation doing business in the State of Louisiana and

B. BP, PLC, hereinafter referred to as "BP, a foreign corporation doing business in the State of Louisiana.

II.

The jurisdiction of this Honorable Court is based upon the provisions of 28 USC 133(1) and the provisions of the general maritime law. Plaintiff designates this matter as a maritime claim under Rule 9(h) of the Federal Rules of Civil Proc-dure and seeks damages of the Defendants under the provision of all laws and regulation applicable

Fee Paid 400
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

thereto.

### III.

The defendants TRANSOCEAN and BP, are justly and truly indebted unto your PlaintifF DARLENE JACOBI INDIDUALLY AND AS SUCCESSION REPRESENTATIVE OF CHARLES . JACOBI, for the following reasons, to-wit:

### IV.

On or about April 20, 2010, Plaintiffs were living on 128 Bayou Lane, Grand Isle, LA, from which they oppperated a commercial fishing business as they had for a substantial number of years previous to the date abovesaid, which said business was destroyed by the pollution created by the negligence of the Defendants occurring from an explosion, fire and oil spill eminating from the operations of the Defendants, owned, operated, controlled and/or chartered by them, jointly or as their liabilites may appear at trial.

### V.

Plaintiffs show that their fishing operations were completely disrupted, causing a complete loss of income and damages to their properry, all as will be further shown, as well as resulting in the death of the late CHARLES A. JACOBI, on the 21st day of June, 2013.

### VI.

The accident was caused by no fault of the Plaintiffs and was solely caused by the negligence of Defendants as more fully shown herein.

VII.

At all material times the vessel was owned, navigated in navigale waters, manned, possessed, managed, controlled, chartered and/or operated by defendants TRANSOCEAN and BP.

VIII.

The damages occurred as a result of the negligence of defendants, TRANSOCEAN and BP, rendering defendants liable to Plaintiffs under the general maritime law and all applicable statutes of the United States for negligence, including OSHA..

IX.

The above-described incidents were caused solely by the negligence of defendants TRANSOCEAN and BP, through their agents, servants and employees, which are most particularly described as follows:

NEGLIGENCE OF TRANSOCEAN

a. Failing to provide a competent crew.

b. Failing to properly supervise its employees.

c. Failing to properly train and/or supervise its employees.

d. Failing to provide sufficient personnel to perform the operations aboard the vessel.

e. Failing to exercise due care and caution.

f. Failured to avoid this accident.

g. Other acts of negligence which will be shown more fully at trial.

NEGLIGENCE OF BP

   a. Failing to properly train and/or supervise its crew and other employees.

   b. Failure to exercise due care and caution

   c. Failure to avoid this accident.

   d. Other acts of negligence which will be shown at trial.

X.

In the alTervative, Plaintiffs reiterating and realleging each and every allegation set forth above, as though set forth in extensio, avers the applicability of the doctrine of Res Ipsa Loquitur.

XI.

As a direct and proximate result of this accident, your Plaintiffs suffered the inhallation and ingestion of toxic air and pollution of the waters upon which they resided, rendering them sick and disabled, and specially aver the provisions of the Clean Air Act and regulations prmomulgated by the U.S. Coast in support of the liability of Defendants. Your Plaintiff, DARLENE JACOBI has been made and recognized as the sole survivor of the decedent, CHARLES A. JACOBI, and has been sent and placed in possession of all of his right to bring an action for his pain and suffering prior to his decease his right to claim lost earnings and other losses.

XII.

Plaintiffs are entitled to prejudgment interest on their damages from the dates of loss. As to any damages which this court determines are not properly subject to an award of

prejudgment interest, Plaintiffs demand interest from the date of judicial demand.

WHEREFORE, Plaintiss, DARLENE JACOBI, INDIVIDUALLY AND AS SUCCESSION REPRESENTATIVE OF CHARLES A. JACOBI, pray that the defendants TRANSOCEAN and BP be duly cited and served with a copy of this Complaint and that after due procc-dings are had that there be judgment rendered herein in favor of Plaintiffs and against defednants in an amount sufficiently adequate to compensat them for their damages, together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief that the nature of the cause may permit.

*Robert N. Clarke*
Robert N. Clarke, Attorney for
DARLENE JACOBI, INDIVIDUALLY AND
AS SUCCESSION REPRESENTATIVE OF
CHARLES A. JACOBI.
3009 20th St. Ste. B
Metairie, LA 70002
Tel.: 485-3375 LSBA NO. 4161